NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID H. RASHDUNI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATCF REO HOLDINGS, LLC, et al.,<br><br>Defendants. | Civil Action No.: 2:18-cv-12298<br><br>**MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

WHEREAS on July 31, 2018, Plaintiffs filed a complaint against Defendants with this Court, (ECF No. 1), and a corresponding application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (ECF No. 1-4); and

WHEREAS having considered Plaintiffs' *in forma pauperis* application, the Court concludes that Plaintiffs have adequately established that Plaintiffs' financial condition renders payment of the $400.00 filing fee a hardship and that Plaintiffs qualify for non-prisoner *in forma pauperis* status; and

WHEREAS also on July 31, 2018, Plaintiffs filed an application for an order to show cause ("TRO"). (ECF No. 1-1);[1] and

WHEREAS Plaintiffs' TRO asks the Court for an "immediate stay of eviction, which is scheduled for Monday, August 6, 2018[.]" (*Id.*); and

---

[1] The Court notes that Plaintiffs' TRO is not signed in contravention of Federal Rule of Civil Procedure 11(a). Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). The Court will nonetheless consider Plaintiffs' submissions.

WHEREAS the property at issue is subject to a default judgment that was issued in the state foreclosure action. *See ATCF REO Holdings LLC v. Rashduni*, No. F-024621-15 (N.J. Super. Ct. Ch. Div.) (default judgment entered January 31, 2018);[2] and

WHEREAS adjudicating the claims in Plaintiffs' complaint or granting Plaintiffs' TRO would be barred by the *Rooker-Feldman* doctrine, because Plaintiffs are seeking to avoid the default judgment that was issued in the state foreclosure action by bringing this federal action. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923); *see also Colahar v. Wells Fargo Bank N.A.*, 56 F. Supp. 3d 603, 607 (D. Del. 2014) ("In addition, the *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over [Plaintiff's] motion [for a preliminary injunction and temporary restraining order,] which effectively seeks to vacate orders of the Superior Court."). The *Rooker-Feldman* doctrine bars this Court from adjudicating the claims in Plaintiffs' complaint or granting Plaintiffs' TRO because: (1) Plaintiffs were unsuccessful in state court and are complaining of injuries caused by the default judgment; (2) the default judgment was rendered on January 31, 2018, before Plaintiffs initially sought relief in federal court in July 2018; and (3) Plaintiffs invite this Court to review and reject the default judgment. *See Bierley v. Abate*, 661 F. App'x 208, 209 (3d Cir. 2016) (affirming the district court's dismissal of claims based upon *Rooker-Feldman* grounds); *Colahar*, 56 F. Supp. 3d at 607 (denying motion for preliminary injunction and temporary restraining order based upon *Rooker-Feldman* grounds); and

WHEREAS it is now well-settled law that the proper way for Plaintiffs to proceed concerning their alleged injuries caused by the default judgment would be to seek review and relief

---

[2] Although Plaintiffs do not provide the Court with their state court case number, such number is obtainable by searching the publicly available New Jersey state court docket.

through the state appellate process, and then to seek certiorari directly to the United States Supreme Court. This Court is prohibited from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the default judgment, or void the rulings issued by the state court in the state foreclosure action. *See Francis v. TD Bank, N.A.*, 597 F. App'x 58, 60-61 (3d Cir. 2014) (affirming a district court's dismissal of the claims that were brought in connection with a state foreclosure action as being barred by the *Rooker-Feldman* doctrine, because the plaintiff sought redress from a state court judgment); *see also Shipley v. New Castle Cty.*, No. 08-554, 2008 WL 4330424, at *2 n.2 (D. Del. Sept. 19, 2008) (denying motion for injunctive relief and temporary restraining order based on *Rooker-Feldman* where "Plaintiffs allege[d] injury based upon the actions taken by Superior Court judges and the Sheriff with regard to the sale of his real estate at a sheriff's sa[l]e"); and

WHEREAS a final determination in the form of a default judgment has been entered in the state foreclosure action. However, to the extent that the state foreclosure action may be considered to be ongoing, and to the extent that Plaintiffs request that this Court intervene in the state foreclosure action, that relief is barred by the *Younger* abstention doctrine.[3] *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). This Court simply has no authority to interfere with the state foreclosure action if it is indeed ongoing, because important state interests are implicated therein, and because there is an adequate opportunity to raise federal claims therein. *See Cunningham v. Mortg. Contracting Servs. LLC*, 634 F. App'x 361, 362 (3d Cir. 2016) (affirming a district court's dismissal of claims

---

[3] Indeed, it appears from the New Jersey state court docket that Plaintiffs filed a motion to stay their eviction on June 29, 2018, which was granted by the state court on the same day. Assuming such stay was about to expire, it appears that Plaintiffs filed another motion to stay their eviction on July 27, 2018, which was denied by the state court on the same day.

3

brought in connection with a state foreclosure action for being barred by *Younger* abstention); *Shipley*, 2008 WL 4330424, at *2-3 (denying motion for injunctive relief and temporary restraining order under *Younger* abstention doctrine where "there [we]re prior pending state court proceedings that directly relate[d] to Plaintiff's dispute," the state "ha[d] an important interest in resolving real estate tax and lien issues," a "ruling in the Superior Court proceeding implicate[d] the important interest of preserving the authority of the state's judicial system," and there was "an adequate opportunity to raise . . . due process claims in state court").

Accordingly, IT IS on this __1__ day of __August__, 2018, in the interests of justice and for good cause shown:

**ORDERED** that Plaintiffs' application to proceed *in forma pauperis*, (ECF No. 1-4), is hereby **GRANTED**; it is further

**ORDERED** that Plaintiffs' TRO, (ECF No. 1-1), is hereby **DENIED**; it is further

**ORDERED** that Plaintiffs' complaint, (ECF No. 1), is hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that to the extent the pleading deficiencies identified by the Court in this Memorandum Opinion and Order can be cured by way of amendment, Plaintiffs are hereby **GRANTED** thirty (30) days to file an amended pleading; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiffs by regular mail and shall **CLOSE** the file.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**